**AFFIRM and Opinion Filed August 9, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00956-CV**

**DERM GROWTH PARTNERS I, LLC, Appellant**
**V.**
**ROBERT P. SELKIN, M.D., AND NICOLE REED MEDICAL, PLLC,**
**Appellees**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-11616**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Garcia, and Breedlove
Opinion by Justice Pedersen, III

In this accelerated appeal, Derm Growth Partners I, LLC complains of the trial

court's interlocutory order overruling its special appearance.[1] We affirm the trial

court's order.

---

[1] Derm Growth Partners I, LLC (Derm Growth I) brings this appeal pursuant to Texas Rule of Appellate Procedure 28.1(a) and section 51.014(a)(7) of the Texas Civil Practice and Remedies Code. *See* TEX. R. APP. P. 28.1(a); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7).

## BACKGROUND

Appellee Robert Selkin sold assets of his medical practice—appellee Nicole Reed Medical, PLLC—to Oliver Street Dermatology Management LLC (OSDM). Pursuant to an "asset purchase agreement," OSDM would pay Selkin $13,667,000 for the practice's assets and property. Geoffrey Wayne signed the agreement as "chief executive officer" of "Oliver Street Dermatology Management LLC." The asset agreement provided Selkin would execute a "subscription agreement." The subscription agreement provided Selkin would exchange his personal goodwill associated with the practice to Derm Growth I for Derm Growth I "Series A Units." "Schedule 1" to the subscription agreement provided 1.2 million "securities" would be issued at closing. It specified a "capital contribution"—presumably Selkin's—of $1.2 million. Christopher Ritchie signed the subscription agreement as "Secretary" for "Derm Growth Partners I, LLC."

Appellees subsequently sued Derm Growth I and others.[2] Their second amended petition alleged (1) common-law fraud, fraudulent inducement, and fraud by omission and (2) negligent misrepresentation. On appeal, appellees summarize their claims: "Appellees' claims center on misrepresentations Wayne made about

---

[2] Appellees also sued Derm Growth II, LLC; Derm Growth Partners III, LLC; Oliver Street Dermatology Holdings, LLC; Oliver Street Dermatology Management, LLC; Oliver Street 5.01(a), Inc.; Wayne; and J. Scott Wells.

Derm Growth I's financial condition, risk profile, and the current and projected value of its equity during Texas negotiations." Appellees also seek declaratory relief that a non-compete provision in the asset purchase agreement and that a non-solicitation provision in another agreement are unenforceable.

Derm Growth I and several codefendants filed a special appearance.[3] Derm Growth I argued (1) the trial court lacked general jurisdiction, (2) the trial court lacked specific jurisdiction, (3) the trial court's exercising jurisdiction would offend traditional notions of fair play and substantial justice, and (4) appellees did not carry their burden to demonstrate Derm Growth I controlled other business entities, thereby subjecting it to in personam jurisdiction. The trial court signed an order overruling Derm Growth I's special appearance.[4] The record contains a transcript of the hearing on special appearance but not findings of fact.

Derm Growth I filed a notice of accelerated appeal of the order denying its special appearance and motion to dismiss for lack of personal jurisdiction.

## PERSONAL JURISDICTION: APPLICABLE LAW, PROCEDURE, AND STANDARDS OF REVIEW

Texas courts may exercise personal jurisdiction over a nonresident defendant if (1) the Texas long-arm statute permits exercising jurisdiction and (2) asserting

---

[3] Also specially appearing were Derm Growth Partners II, LLC; Derm Growth Partners III, LLC; and Oliver Street Holdings LLC.

[4] The trial court sustained special appearances of all other specially appearing defendants.

jurisdiction satisfies constitutional due process guarantees. *See Cornerstone Healthcare Grp. Holding, Inc. v. Nautic Mgmt. VI, L.P.*, 493 S.W.3d 65, 70 (Tex. 2016). The Texas long-arm statute reaches "as far as the federal constitutional requirements of due process will allow." *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). Personal jurisdiction over a nonresident defendant satisfies constitutional due process guarantees when (1) the nonresident defendant has established minimum contacts with the forum state and (2) exercising jurisdiction comports with traditional notions of fair play and substantial justice. *See M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co.*, 512 S.W.3d 878, 885 (Tex. 2017) (citing *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). Minimum contacts are established when the nonresident defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking its laws, benefits, and protections. *See Kelly v. Gen. Interior Constr., Inc.,* 301 S.W.3d 653, 657-58 (Tex. 2010).

A nonresident defendant's contacts with the forum state can give rise to general or specific jurisdiction. *Luciano v. SprayFoamPolymers.com, LLC,* 625 S.W.3d 1, 8 (Tex. 2021); *Chen v. Razberi Techs., Inc.*, No. 05-19-001551-CV, 2022 WL 16757346, at *2 (Tex. App.—Dallas Nov. 8, 2022, pet. filed) (mem. op.). General jurisdiction is established when the defendant has continuous and systematic contacts with the forum, rendering it essentially "at home" in the forum state,

–4–

regardless of whether the defendant's alleged liability arises from those contacts. *See TV Azteca v. Ruiz*, 490 S.W.3d 29, 37 (Tex. 2016); *Chen,* 2922 WL 16757346, at \*2.

Moreover, a nonresident defendant's forum-state contacts may give rise to specific jurisdiction. *See Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007). Specific jurisdiction is established if a defendant purposefully avails itself of the privilege of conducting activities within Texas and its alleged liability arises out of or relates to its contacts with the forum state. *See id.* at 576.

The supreme court has explained shifting burdens of proof in a special appearance. First, "the plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of Texas's long-arm statute." *See Kelly*, 301 S.W.3d at 658. The defendant then "bears the burden to negate all bases of personal jurisdiction alleged by the plaintiff." *Id.* The defendant's burden to negate jurisdiction is tied to the allegations in the plaintiff's petition. *See id.*

If the defendant presents evidence that disproves the plaintiff's jurisdictional allegations, then the plaintiff should present evidence in support of the petition's allegations. *See id.*

A defendant can negate jurisdiction on either a factual or legal basis. *See id.* at 659. Factually, the defendant can present evidence that it has no contacts with Texas, effectively disproving the plaintiff's allegations. *See id*. A defendant who fails to negate jurisdiction on a factual basis may attempt to negate it on a legal basis. *See id*. A defendant negates jurisdiction on a legal basis by showing that, even if

plaintiff's alleged facts are true, the evidence is legally insufficient to establish jurisdiction; the defendant's contacts with Texas fall short of purposeful availment; for specific jurisdiction, the claims do not arise from the contacts; or traditional notions of fair play and substantial justice are offended by the exercise of jurisdiction. *See id.*; *Colmen LLC v. Santander Consumer USA, Inc.*, No. 05-17-00101-CV, 2017 WL 5022700, at \*4 (Tex. App.—Dallas Nov. 3, 2017, no pet.) (mem. op.).

Rule 120a of the Texas Rules of Civil Procedure requires that a special appearance be determined on the pleadings, any stipulations by the parties, affidavits and attachments filed by the parties, results of discovery, and any oral testimony. *See* TEX. R. CIV. P. 120a(3); *Kelly*, 301 S.W.3d at 658 n.4 (while pleadings frame the jurisdictional dispute, they are not dispositive, and the court must consider additional evidence cited in Rule 120a(3), though this additional evidence merely supports or undermines allegations in the pleadings).

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law we review de novo. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018). If, as in this case, the trial court does not issue findings of fact and conclusions of law, the fact findings necessary to support the ruling and supported by the evidence are implied. *See Kelly*, 301 S.W.3d at 657; *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). Implied findings are not conclusive and may be challenged on appeal for legal and factual sufficiency. *See*

*Lensing v. Card*, 417 S.W.3d 152, 155 (Tex. App.—Dallas 2013, no pet.). If the parties present conflicting evidence that raises a fact issue, we will resolve the dispute by upholding the trial court's determination. *See TV Azteca*, 490 S.W.3d at 36 n.4. When jurisdictional facts are undisputed, whether those facts establish jurisdiction is a question of law. *See Old Republic Nat'l Title Ins. Co.*, 549 S.W.3d at 558.

## ISSUES ON APPEAL

Derm Growth I brings two issues on appeal, disputing it is generally present in Texas and denying it is subject to specific jurisdiction. Appellees allege the trial court has general and specific jurisdiction over Derm Growth I.

## DERM GROWTH I's SPECIAL APPEARANCE

A court may assert general jurisdiction, described above, over a foreign corporation only if its affiliations with the state are so continuous and systematic as to render the corporation essentially "at home" in the forum state. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011). There are two paradigmatic bases for general jurisdiction over a corporation: its state of incorporation and the state of its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).[5] The *Daimler* Court did not define the term

---

[5] Limited liability companies are treated the same as corporations for general-jurisdiction purposes. *See Forever Living Prods. Int'l, LLC v. AV Europe GmbH*, 638 S.W.3d 719, 724 (Tex. App.—Dallas 2021, no pet.); *Careington Int'l Corp. v. First Call Telemedicine, LLC*, No. 05-20-00841-CV, 2021 WL 1731753, at *5 (Tex. App.—Dallas May 3, 2021, no pet.) (mem. op.).

"principal place of business," but only a few years before *Daimler* the Court held that the phrase "principal place of business" means the place where a corporation's officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (construing the federal diversity-jurisdiction statute). Courts often refer to this as the company's "nerve center," and in practice it should normally be the place of the company's headquarters—if that is the company's actual center of direction, control, and coordination. *Hertz Corp.*, 559 U.S. at 93. Although *Hertz* was not a personal-jurisdiction case, this Court expressly adopted its definition of "principal place of business" in personal-jurisdiction cases. *See Forever Living Prods. Int'l, LLC v. AV Europe GmbH*, 638 S.W.3d 719, 724 (Tex. App.—Dallas 2021, no pet.) (citing judicial opinions and concluding, "We agree with those courts that the *Hertz* nerve-center test applies in the general-jurisdiction context.").

<u>Appellees' Jurisdictional Allegations</u>

Appellees' live petition alleges: (1) "Derm Growth Partners I, LLC ("DGI") is a limited liability company formed under Delaware law"; (2) Derm Growth I is subject "to general jurisdiction here"; (3) Derm Growth I "has its principal place of business . . . in Dallas" and "has maintained substantial contacts with the State since formation"; (4) Derm Growth I "maintains its principal place of business and true headquarters in Dallas, Texas"; (5) "Though [Derm Growth I] claim[s] in formation records to have a Boston principal place of business, this 'office' is actually nothing

more than a seldom used, if at all, board room in the offices of its private equity partner, Abry Partners"; (6) "[Derm Growth I's] business decisions are made" in Dallas offices; (7) Derm Growth is "at home" in Texas and subject to general jurisdiction in Texas; (8) Geoff Wayne was chief executive officer and a director of Derm Growth I at the time of the alleged actions; (9) Wayne resides in Dallas; (10) Wayne also was chief executive officer of OSDM; and (11) OSDM had its principal place of business in Dallas.

This Court has held a plaintiff sufficiently alleged general jurisdiction because (1) the petition alleged defendant's principal office was in Dallas County and (2) the allegation that defendant was "'operating in Dallas County' is broad enough to encompass the premise that [defendant's] nerve center is in Texas." *Forever Living Prods. Int'l, LLC*, 638 S.W.3d at 724.

Here, the trial court implicitly found appellees sufficiently alleged Derm Growth I's principal place of business was in Texas when appellees filed suit. *See Daimler AG*, 571 U.S. at 137. Given Texas's liberal notice-pleading standards, we agree appellees' petition sufficiently alleged Derm Growth I is subject to general jurisdiction in Texas. *See Forever Living Prods. Int'l, LLC*, 638 S.W.3d at 724 (concluding, in light of Texas's liberal notice-pleading standards, the petition sufficed to allege defendant was subject to general jurisdiction in Texas).

Consequently, the burden shifted to Derm Growth I to negate appellees' allegations of general jurisdiction. *See Kelly*, 301 S.W.3d at 658; *Forever Living Prods. Int'l, LLC*, 638 S.W.3d at 724-25.

### Derm Growth I's Attempt To Negate Appellees' Jurisdictional Allegations

Derm Growth I argues its company formation document states its "principal office" is located at a specific Boston address. Derm Growth I's original limited liability company agreement identified the address of its "principal office" as "111 Huntington Avenue, 29th Floor, Boston, Massachusetts 02199, or at such other place as the Member may determine from time to time." Derm Growth I's subsequent amended and restated limited liability company agreement provides, however:

> The principal place of business of the Company will be at such place as the Board may determine from time to time. The company may locate its place or places of business (including its principal place of business) and registered office at any other place or places as the Board may from time to time deem necessary or advisable.

The amended agreement, unlike the original agreement, addresses Derm Growth I's "principal place of business." Derm Growth I failed to introduce evidence that its board acted pursuant to the amended agreement to locate its principal place of business at 111 Huntington Avenue, 29th Floor, Boston, Massachusetts 02199 or at any other address. The trial judge impliedly resolved Derm Growth I's conflicting and inconclusive evidence and found the documents were insufficient to negate appellees' jurisdictional allegations. *See Boston Med. Grp.*, 2007 WL 2447360, at

–10–

*8 (the trial court in a special appearance is the sole judge of credibility and resolves all conflicts in the special appearance evidence).

Derm Growth I argues two sentences of Wayne's deposition testimony negates appellees' jurisdictional allegation. Derm Growth I argues, "When asked about this 'Dallas Home Office,' Wayne testified he 'truly never thought about [the Dallas addresses] as offices of Derm Growth I, nor would anybody' because '[i]t was the offices of the management company, OSDM." Wayne's other deposition testimony indicates he did not positively testify the Dallas offices to which he referred were not, in fact, Derm Growth I's principal place of business. Rather, he testified to what he "truly never thought." Nor did he positively testify that Derm Growth I's principal place of business was located at 111 Huntington Avenue, 29th Floor, Boston, Massachusetts 02199. Wayne testified he believed 111 Huntington Avenue, 29th Floor, Boston, Massachusetts 02199 was the address of Abry Partners.[6] He testified he was not aware of any offices for Derm Growth entities other than those of OSDM. The trial judge was the sole judge of the credibility of Wayne's testimony. *See Boston Med. Grp.*, 2007 WL 2447360, at *8. The trial judge impliedly found Wayne's testimony was insufficient to demonstrate Derm Growth I's principal place of business was located at 111 Huntington Avenue, 29th Floor,

---

[6] As noted, appellees alleged Abry Partners was Derm Growth I's "equity partner."

–11–

Boston, Massachusetts 02199 or to otherwise negate appellees' jurisdictional allegations that Derm Growth I's principal place of business was Dallas.

Derm Growth I argues the supplemental declaration of Paul Singh states its officers "have worked in Boston." Notably, Singh declares he is chief executive officer of OSDM and chief executive officer, president, and secretary of Oliver Street Dermatology Holdings LLC. He does not purport to be an officer, director, or employee of Derm Growth I. The trial judge presumably was aware that the principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *Hertz Corp.*, 559 U.S. at 92-93. A corporation's "nerve center," usually its main headquarters, is "a single place." *Id.* at 93. The trial judge implicitly found Singh's general declaration that officers "worked in Boston" was insufficient to raise a reasonable inference they did so at an "actual center of direction, control, and coordination" in "a single place" where the company "maintains its headquarters." *See Hertz*, 559 U.S. at 92-93. The trial judge presumably noted Singh was unaffiliated with Derm Growth I. He presumably noted Derm Growth I failed to submit a declaration by a Derm Growth I officer that its principal place of business was located at 111 Huntington Avenue, 29th Floor, Boston, Massachusetts 02199, as Derm Growth I maintains, or that he or she directed, controlled, and coordinated the company from that "single place." *See id.*

–12–

The trial judge impliedly found the general declaration of "worked in Boston" was insufficient to negate appellees' jurisdictional allegations. S*ee Boston Med. Grp.*, 2007 WL 2447360, at *8.

Derm Growth I briefly argues its directors and managers—including three in Texas—"have been located" in four states and have not constituted a majority of Derm Growth's board. It fails to cite legal authority or to offer argument demonstrating its single-sentence assertion negates appellees' jurisdictional allegations. The trial judge implicitly found this evidence insufficient to support Derm Growth I's argument that its principal place of business is located at 111 Huntington Avenue, 29th Floor, Boston, Massachusetts 02199 or to otherwise negate appellees' jurisdictional allegations. *See Boston Med. Grp.*, 2007 WL 2447360, at *8.

We conclude Derm Growth I failed to factually or legally negate appellee's jurisdictional allegations that its principal place of business is in Texas.

Because Derm Growth I failed to negate appellees' jurisdictional allegations, the burden did not shift to appellees to introduce evidence. *See Kelly*, 301 S.W.3d at 576.

Moreover, because we have held Derm Growth I failed to negate jurisdictional allegations concerning its principal place of business, this is not an "exceptional case" in which a corporation's operations in a forum other than its formal place of

incorporation or principal place of business may be so substantial and of such nature as to render the corporation at home in that state. *See Daimler*, 571 U.S. 139 n.19.

Fair Play And Substantial Justice

Derm Growth I argues exercising jurisdiction "would offend traditional notions of fair play and substantial justice and would be inconsistent with constitutional requirements of due process." When applying this test we consider the burden on the nonresident defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of several states in furthering substantive social policies. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 156 (Tex. 2013); *Peter v. Stern*, No. 05-20-00021-CV, 2020 WL 4783192 at \*6 (Tex. App.—Dallas Aug. 18, 2020, pet. denied) (mem. op). Derm Growth I bore the burden to present "a compelling case that the circumstances make exercise of jurisdiction over it unreasonable." *Forever Living Prods. Int'l, LLC*, 638 S.W.3d at 728.

We reject Derm Growth I's assertion that "appellees cannot justify keeping Derm Growth in this suit." As noted, appellees do not bear the burden on the issue of reasonableness. The burden is on Derm Growth I to present a compelling case of unreasonableness.

Derm Growth I asserts exercising jurisdiction presents a burden because Derm Growth I officers reside in Boston. Derm Growth bases its argument solely on the

distance between Dallas and Boston. Distance alone cannot ordinarily defeat jurisdiction. *See Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 155; *Anchora Ins. Servs., LLC v. Tex. Green Star Holdings, LLC*, No. 05-22-00833-CV, 2023 WL 4446296, at *6 (Tex. App.—Dallas July 11, 2023, no pet. h.) (mem. op.) ("Anchora does not identify any burden peculiar to this case, or its circumstances, that speaks to any compelling hardship beyond the distance between Georgia and Texas.").

Derm Growth I argues appellees "have no legitimate interest in keeping Derm Growth in the lawsuit." It argues appellees assert the same claims against it and against defendants remaining in the lawsuit. It asserts there is "no reason to believe" that a remaining defendant cannot satisfy any hypothetical judgment. The assertions do not fall within concerns we consider here. *See Moncrief Oil Int'l Inc.,* 414 S.W.3d at 155 (identifying five factors); *Peter*, 2020 WL 4783192 at *6 (same). Derm Growth I does not cite legal authority in making its assertion. Moreover, we conclude Derm Growth I's argument that the same claims are alleged against it and against other defendants in the trial court below weighs against Derm Growth I on the factors of (1) the plaintiff's interest in obtaining convenient and effective relief and (2) the interstate judicial system's interest in obtaining the most efficient resolution of controversies. *See Moncrief Oil Int'l Inc.*, 414 S.W.3d at155 (listing factors); *Peter*, 2020 WL 4783192 at *6 (same).

Derm Growth I asserts Texas's interests in adjudicating claims against it is "*de minimis.*" Derm Growth I argues it did not purposefully avail itself of the

benefits of conducting business in Texas. Rather, it argues, the parties purposefully avoided Texas by bargaining for New York governing law and venue in the subscription agreement. It argues Texas has little interest in adjudicating disputes that the parties agreed to litigate in a different forum. The argument addresses the intent of the parties rather than the interests of Texas in adjudicating this dispute. *See Moncrief Oil Int'l Inc.,* 414 S.W.3d at 155 (stating we are to consider the forum state's interest in adjudicating the dispute); *Peter*, 2020 WL 4783192, at *6 (same). Moreover, appellees allege Selkin is an individual who resides in Plano, Texas, and Nicole Reed Medical, PLLC is a Texas professional limited liability company. Texas has an interest in exercising judicial jurisdiction over those who are alleged to have committed torts within its territory. *See Nusret Dallas LLC v. Regan*, No. 05-21-00739-CV, 2023 WL 4144748, at *10 (Tex. App.—Dallas June 23, 2023, no pet. h.) (mem. op.); *Russell v. A.E. Mktg., L.L.C.*, No. 05-00-01583-CV, 2001 WL 722509, at *6 (Tex. App.—Dallas June 28, 2001, no pet.) (mem. op.) (recognizing "Texas' interest in ensuring that its citizens are protected from tortious acts by others.").

The trial court implicitly made findings and concluded Derm Growth I failed to carry its burden to present "a compelling case that the circumstances make exercise of jurisdiction over it unreasonable." *Forever Living Prods. Int'l, LLC*, 638 S.W.3d at 728. The record supports that conclusion.

• • •

We overrule Derm Growth I's first issue concerning general jurisdiction.

Due to our disposition of Derm Growth I's first issue, we need not and do not address its second issue concerning specific jurisdiction and arguments offered in support thereof, including jurisdictional fusing; provisions of the subscription agreement addressing governing law, venue, and notice; and agency.

## CONCLUSION

We affirm the trial court's order overruling Derm Growth I's special appearance. We remand the case to the trial court for further proceedings consistent with this opinion.

<table>
<tr><td>210956f.p05</td><td>/Bill Pedersen, III/<br>BILL PEDERSEN, III<br>JUSTICE</td></tr>
</table>



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DERM GROWTH PARTNERS I, LLC, Appellant

No. 05-21-00956-CV     V.

ROBERT P. SELKIN, M.D. and NICOLE REED MEDICAL, PLLC, Appellees

On Appeal from the 134th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-20-11616. Opinion delivered by Justice Pedersen, III. Justices Garcia and Breedlove participating.

In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees ROBERT P. SELKIN, M.D. and NICOLE REED MEDICAL, PLLC, recover their costs of this appeal from appellant DERM GROWTH PARTNERS I, LLC.

Judgment entered this 9th day of August, 2023.